UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, Jr.,<br>CDCR #P-69574,<br><br>                      Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD, Warden;<br>KATHLEEN ALLISON, Director of the<br>California Department of Corrections and<br>Rehabilitation; JOHN DOES 1-6,<br>                      Defendants. | Case No.: 3:21-cv-00187-AJB-WVG<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 2]** |

     Henry A. Jones, Jr. ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 1, 2021. (*See* Compl., ECF No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") and submitted copy of his prison trust account statement, pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2 & 3).

/ / /

I.      **Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is identical and duplicative of another civil action he filed in this Court just five days before. *See Jones v. Pollard, et al.*, S.D. Cal. Civil Case No. 3:21-cv-00162-MMA-RBM ("*Jones I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Jones I*, Plaintiff claims Defendants Pollard, Allison, and Does 1-6 violated his Eighth Amendment rights by failing to properly protect him from contracting CoVid-19 from his cellmate at RJD sometime in mid-January 2021. *See Jones I*, Compl., ECF No. 1 at 3-4. 12-14. Just five days later, and while *Jones I* remained pending before Judge

1  Anello, Plaintiff filed a new Complaint with the Clerk of the Court, together with another
2  Motion to Proceed IFP. The subsequent Complaint and IFP Motion were assigned to this
3  Court as *Jones v. Pollard, et al.*, Civil Case No. 3:21-cv-0187-AJB-WVG ("*Jones II*"),
4  and the Court has now confirmed that the two Complaints and IFP Motions are in fact
5  mere photocopies of each other. Both suits name the same Defendants, allege the same
6  cause of action, request the same relief, and are signed by the same Plaintiff on the same
7  day. *Compare Jones I*, Civil Case No. 3:21-00162-MMA-RBM, Compl., ECF No. 1, *with*
8  *Jones II*, Civil Case No. 3:21-cv-00187-AJB-WVG, Compl., ECF No. 1.

9      A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it
10 "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d
11 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and
12 internal quotations omitted). Because Plaintiff has already brought the same claims
13 presented in the instant action against the same defendants in *Jones v. Pollard, et al.*, S.D.
14 Cal. Civil Case No. 3:21-cv-00162-MMA-RBM, the Court must dismiss this duplicative
15 and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d
16 at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*,
17 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is
18 duplicative of the first, we examine whether the causes of action and relief sought, as
19 well as the parties or privies to the action, are the same."), *overruled on other grounds by*
20 *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

21 **II.    Conclusion and Order**

22     Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is
23 **DISMISSED** as duplicative pursuant to 28 U.S.C. § 1915A(b)(1). **IT IS FURTHER**
24 **ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is
25 **DENIED** as moot and that the dismissal of this case shall operate without prejudice to
26 Plaintiff's pursuit of his claims as alleged in *Jones v. Pollard, et al.*, S.D. Cal. Civil Case
27 No. 3:21-cv-00162-MMA-RBM.
28 / / /

    Plaintiff is advised that any and all future filings should be filed in *Jones I* and include Civil Case No. 3:21-cv-00162-MMA-RBM in the caption. The Clerk will **TERMINATE** S.D. Cal. Civil Case No. 3:21-cv-00187-AJB-WVG and close the file.

    **IT IS SO ORDERED**.

Dated:  February 12, 2021

Hon. Anthony J. Battaglia
United States District Judge